*525
 
 Henderson. Judge.
 

 The false making of. certain writings mentioned in tiie statute, vi ith an
 
 intent
 
 to defraud, constitutes the offence of forgery, under the statute. At common law, the writing must have a ten-deucy to injure. That tendency must be apparent to the Court; it may be apparent upon the face of the transaction, or it may be made so by the aid of additional facts. To forge a deed, is an instance of the kind fitst mentioned. Its tendency to injure is apparent; it requires tlie statement of no additional fact to make that appear. An instance of the latter is, where I make a deed to A, and afterwards one to B, for the same property, and antedate the latter deed, so as to overreach the date of the former. The making the former deed is part of the offence at common law, and must be shown, otherwise, the tendency of the latter deed to injure does not appear. But perhaps this case affords a better illustration of the principle. The Defendant’s altering an order drawn by himself on
 
 Avery,
 
 in favor of Ainsworth, does not, upon its face, import an injury, neither in its tendency does it injure any one. It may be a proper and g necessary act; but to alter it after it has been circulated, and then to alter it so as to make it different from the truth, as in this case, and thereby to entitle biinseif to a double credit for its amount, one upon giving the order on
 
 Avery,
 
 and another upon
 
 Ainsworth’s
 
 receiving the money from him, shews that the alteration tends to the injury of
 
 Ainsworth;
 
 and if these be the facts, they should have been averred in -the indictment, and proved on the trial. Whether they were proved before the Jury, we do not know, and it is entirely unimportant whether they were, or net — they are not charged. The indictment is therefore defective* for in them, in connexion with the alteration of the order, the criminality consists. Without them, the act is harmless. • With them, it is highly criminal. — 1 think, therefore, that the judgment should be arrested.
 

 Per Curiam. — Judgment reversed.